IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY WALLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MANLEY DEAS & KOCHALSKI LLC; | ) |
| NDF1, LLC; and | ) |
| FCI LENDER SERVICES, INC.; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Roy Waller brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Manley Deas & Kochalski LLC ("MDK"), NDF1, LLC ("NDF1") and FCI Lender Services, Inc. ("FCI"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiff was harassed by the conduct complained of herein.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. The collection communication at issue was received by Plaintiff within this District;

   b. Each Defendant does or transacts business within this District.

## PARTIES

10. Plaintiff Roy Waller is a citizen of Illinois and resides in a home which he owns in Downers Grove, Illinois.

11. Defendant NDF1, LLC is a limited liability company organized under Virginia law with offices at 556 Garrisonville Road, Suite 202, Stafford, VA 22554. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12. NDF1, LLC describes itself as "a private mortgage management company specializing in defaulted residential mortgages across the United States." (NDF1, LLC "Welcome Packet," Exhibit A, p. 2)

13. NDF1, LLC acquires defaulted residential mortgage loans and attempts to liquidate them by dunning and litigation.

14. On information and belief, NDF1, LLC has no other source of revenue.

15. NDF1, LLC uses the mails, telephone system and Internet in conducting a business, the principal purpose of which is debt collection.

16. NDF1, LLC is a debt collector as defined in the FDCPA.

17. Defendant FCI Lender Services, Inc. ("FCI"), is a corporation organized under California law with its principal offices at 8180 E. Kaiser Blvd., Anaheim Hills, CA 92808. It does business in Illinois. Its registered agent and office is Cogency Global Inc., 600 South Second St., Suite 404, Springfield, IL 62704.

18. Defendant FCI holds itself out as a "special servicer." (https://www.trustfci.com/) "On this program FCI is the Sub-Servicer acting at the direction of its Lender Clients (Owner of the Notes) to address Non-Performing Loans by facilitating the restructure of loans per Lender directions, presenting Lender offered FPA's (Foreclosure Prevention Alternatives), or by Providing Foreclosure Support if workouts are not possible, so the Lender can get back and sell the properties. It is staffed by experts at skip trace, collection, Foreclose Prevention Alternative workouts, and foreclosures." (https://www.trustfci.com/SpecialtyLoanServicing.html) A "non-performing loan" is defined by FCI as "any Loan that has missed the 3rd payment, or more." (https://www.trustfci.com/SpecialtyLoanServicing.html)

19. Defendant FCI regularly collects defaulted residential mortgage loans for others.

20. Defendant FCI uses the mails, telephone system, and Internet in conducting business.

21. Defendant FCI is a debt collector as defined in the FDCPA.

22. Defendant FCI services more than $1 million in residential mortgage loans.

23. Defendant MDK is a law firm organized as an Ohio limited liability company with offices at 1555 Lake Shore Drive, Columbus, OH 43204, and 1 East Wacker Drive, Suite 1250, Chicago, IL 60601-1980.

24. "MDK provides default litigation services to many of the world's largest financial institutions, mortgage servicers, commercial lenders, real estate developers, resort developers,

automobile finance companies and title insurers. Additionally, through our affiliated companies we offer services that support our legal work." (https://www.manleydeas.com/services/)

## FACTS

25. On or about November 16, 2006, Plaintiff obtained an open-end line of credit from Quicken Loans, Inc., secured by a mortgage.

26. The line of credit was used primarily for personal, family or household purposes. Most of the funds obtained were used to pay Plaintiff's household bills and expenses or were given to Plaintiff's brother for the purpose of putting a down payment on a house to be used by the brother as a residence.

27. On October 2, 2020, NDF1 claimed to own the line of credit debt and FCI claimed to be its servicer.

28. On October 2, 2020, Plaintiff, by counsel, sent a qualified written request to FCI. This is attached as Exhibit B.

29. FCI and its principal NDF1 thereby were informed that Plaintiff was represented by counsel.

30. FCI responded to the qualified written request on October 7, 2020.

31. On October 13, 2020, Mr. Waller filed suit against NDF1, FCI and a prior servicer.

32. On October 14, 2020, MDK, acting on behalf of NDF1 and at the direction of servicer FCI, sent Mr. Waller, directly, the a letter demanding payment by November 13, 2020. This is attached as Exhibit C.

33. Upon information and belief, the interest and the total amount of alleged debt are wrong.

34. Upon information and belief, Defendants prepared the numbers within this letter without consulting (a) the credit agreement, (b) an account history, (c) the interest rate, (d) the index to which the interest rate is tied in the credit agreement, and (e) Plaintiff's file. A review

of the account history and prior notices would have disclosed substantial discrepancies with respect to the amount and rate of interest.

## COUNT I – FDCPA

35. Plaintiff incorporates paragraphs 1-34.

36. Defendants violated 15 U.S.C. §§1692c, 1692e, 1692e(2), 1692e(10), and 1692g.

37. When MDK contacted a represented party directly, MDK violated 15 U.S.C. §1692c.

38. Section 1692c provides:

> § 1692c. Communication in connection with debt collection
>
> (a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–
>
> > . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .

39. Additionally, Defendants violated 15 U.S.C. §1692g because the letter contained incorrect numbers for accrued interest and the amount of debt.

40. Because Defendants engaged in such conduct for the purpose of obtaining money from Plaintiff and others, Defendants also violated 15 U.S.C. §1692e.

41. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of–

    (A) the character, amount, or legal status of any debt; . . .

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer. . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

    i.    Statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other and further relief as the Court deems proper.


                                    */s/ Daniel A. Edelman*
                                    Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly Cengher
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\37346\TO FILE Complaint_.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman
